IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN ANDRE GRISSOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:19-cv-193-WKW-WC |
| | ) |
| VERIZON WIRELESS, INC., | ) |
| | ) |
| Defendant. | ) |

**<u>RECOMMENDATION OF MAGISTRATE JUDGE</u>**

Before the Court is the Second Amended Complaint[1] filed by Christian Andre Grissom ("Plaintiff" or "Grissom"). Doc. 17. This case has been referred to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Doc. 18. Plaintiff requested and was granted leave to proceed *in forma pauperis* to the extent set forth in this Court's Order of April 9, 2019. Docs. 4 and 6. Pursuant to 28 U.S.C. § 1915(e) governing proceedings *in forma pauperis*, courts are instructed, notwithstanding any filing fee or any portion thereof that may have been paid, to dismiss any action wherein it is determined that the case is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Upon review of Plaintiff's Complaint, the undersigned finds that this case is due to be

---

[1] All references to "Complaint" in this Recommendation refer to Plaintiff's Second Amended Complaint (Doc. 17).

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim on which relief may be granted.

I.  STANDARD OF REVIEW

A review of the Complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether it complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6).  Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face.").  Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").  Thus, in order to satisfy Rule 8(a), Plaintiffs' complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).  "A claim is

factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are merely consistent with a defendant's liability are not facially plausible. *Id*.

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would a formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Accordingly, the Complaint in this action, even if liberally construed, must minimally satisfy Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).

## II.   PLAINTIFF'S CLAIMS

Plaintiff alleges that on or about August 10, 2014, Verizon Wireless, Inc. ("Defendant" or "Verizon") "negligently in violation of [his] right to privacy and 4th and 14th amendment rights, released [his] phone records that were used arbitrarily to arrest and falsely imprison him." Doc. 17 at 2. In describing the events leading up to the production of the documents, Grissom states that Verizon was contacted by the Russell County Sheriff on August 7, 2014, "under the false premise of compliance with Title 18, Part 1, Chapter 121 subsection 2703(d) U.S.C. requesting Grissom's phone records because a relevant investigation was going on of a life-threatening situation." Doc. 17 at 2. Grissom then

3

alleges that the sheriff never complied with the provisions of the cited statute, "as he never submitted any facts, court order, or narrative [as to] how Grissom was involved with the request and [ ] facts substantiating . . . a life-threatening situation." *Id.* Grissom further alleges that he did not become aware of the alleged violations by Verizon "until he was provided a copy and heard testimony of a suppression hearing in August 2017, of Sheriff Taylor's information given to Verizon." Doc. 17 at 2. He filed this lawsuit on March 18, 2019. Doc. 1.

Grissom does not describe the manner in which the sheriff allegedly contacted Verizon on August 7, 2014, which documents were requested or provided, or the information provided to Verizon as part of this request. However, in addition to his Complaint, Grissom filed a document entitled "Motion for Summary Judgment," with which he filed copies of three documents relating to the disclosure of his cell phone records: (1) a letter from an investigator at the Russell County Sheriff's Office to Verizon dated August 10, 2014; (2) an application and affidavit for search warrant dated April 11, 2014; and (3) a search warrant issued on August 11, 2014, by the District Court of Russell County, Alabama, ordering Verizon to produce Grissom's cell phone records within ten days. Docs. 19-3, 19-4, and 19-5.

The August 10th letter from the Russell County Sheriff's Office states as follows:

> We will be requesting telephone records which we believe will provide important evidence in our case. The court order, which will follow, will comply with all requirements outlined in United States Code, Title 18, Part 1, Chapter 121, Sub section 2703(d). The court order will be obtained with a sworn affidavit which will include "[s]pecific and articulable facts.

> We are sending this notice to request the records be pulled and held before they are lost and cannot be recovered. The court order will follow within 30 days.

Doc. 19-3 at 1. The application and affidavit for search warrant described how Grissom had been seen with 19-year-old Keonte Chavis before her disappearance and that her body had been discovered two days later. Doc. 19-3 at 1–2. It further described how, within an hour after Ms. Chavis's last known communication, Grissom's cell phone had hit a cellular tower less than one mile from the location where her body was found. *Id.* In response to the application and affidavit, the District Court of Russell County issued a search warrant containing a finding of probable cause and ordering production of Grissom's cell phone records. Doc. 19-5 at 1. Based on the undersigned's reading of materials filed by Grissom, his Complaint is based on the disclosure of information showing his proximity to the location where Ms. Chavis's body was discovered, which was used to support the application for a search warrant and, thus, disclosed prior to obtaining a search warrant.[2]

## III. DISCUSSION

Although Grissom does not cite to 42 U.S.C. § 1983 in his Complaint, § 1983 is the statute that provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights. *Conn v. Gabbert,* 526 U.S. 286, 290

---

[2] To the extent any of Plaintiff's claims are based on documents produced pursuant to the above search warrant, those claims are barred by statute. *See* 18 U.S.C. § 2703(e) (stating no cause of action shall lie against any provider who discloses information pursuant to a subpoena or court order) and 18 U.S.C. § 2707(e) (stating that a good faith reliance on a court warrant or order is a complete defense to a civil action). *See also Organizacion JD Ltda. v. U.S. Dept. of Justice*, 18 F. 3d 91 (2nd Cir. 1994) (finding that banks relying on a warrant or order cannot be civilly liable under statute regulating access to stored electronic records because banks acted in good faith reliance on court warrant or order); *McCready v. eBay, Inc.*, 453 F. 3d 882 (7th Cir. 2006) (holding that a good faith reliance on a subpoena is a complete defense to civil action).

(1999). Plaintiff has no direct right of action under the Constitution, so his constitutional claims are due to be dismissed on this failure alone. *See Bush v. Frazier*, No. 2:18-CV-00732-SGC, 2019 WL 3305145, at *8 (N.D. Ala. July 23, 2019); *Barbee v. Naphcare, Inc.*, 2007 WL 9712008, at *3 (N.D. Ala. Aug. 9, 2007) (dismissing claims for violations of the First and Fourteenth Amendments because plaintiff did not assert these claims under § 1983 and had no direct right of action under the Constitution).

Additionally, to establish a § 1983 claim, a plaintiff must prove (1) a violation of a constitutional right (2) by a person acting under the color of state law or a private individual who conspired with state actors. *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016). However, the Complaint is devoid of any factual allegations that Defendant, a private actor, conspired with state actors to violate his constitutional rights. For purposes of 42 U.S.C. § 1983, the plaintiff must plead in detail, through reference to material facts, the relationship or nature of a conspiracy between the state actor(s) and the private persons. *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (citing *Fullman v. Graddick,* 739 F.2d 553, 556–57 (11th Cir. 1984)). Without showing contacts between Verizon and the state that could prove Verizon and state actors had "reached an understanding" to violate his rights, Grissom's Complaint fails to plead a conspiracy that would transform Verizon into a state actor for purposes of a § 1983 claim. *Id.* (citing *Strength v. Hubert,* 854 F.2d 421, 425 (11th Cir. 1988)). *See also Giles v. Crime Stoppers of Birmingham, Ala.*, No. 16-CV-264-KOB-SGC, 2017 WL 977395, at *1 (N.D. Ala. Mar. 14, 2017), *aff'd,* 720 F. App'x 1001 (11th Cir. 2018) (recognizing that a plaintiff cannot state a cause of action under § 1983 against

a private actor without showing that private actor conspired with state actor to deprive him of constitutional rights (citations omitted)).

Finally, even if Grissom's claims were properly asserted under § 1983 and he could establish that Verizon committed conspiratorial acts with a state actor to violate his constitutional rights, Grissom's claims are barred by the applicable statutes of limitation. Because § 1983 claims are akin to constitutional tort claims, they are subject to the statute of limitations governing personal injury actions in the state where brought. *Johnson v. Ga. Dept. of Veterans Srvs.*, 2019 WL 5618153, at *2 (11th Cir. Oct 31, 2019); *Flood v. City of Jacksonville*, 263 F. Supp. 3d 1213, 1218 (N.D. Ala. 2017) (quoting *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008)). In Alabama, the applicable statute of limitations is two years. *Daniel v. Talladega Cty. Sheriff's Dep't*, No. 1:17-CV-01076-KOB, 2018 WL 4304185, at *1 (N.D. Ala. Sept. 10, 2018) (stating that constitutional claims brought under § 1983 are tort claims subject to Alabama's two-year personal injury statute of limitations). Negligence claims are also subject to a two-year statute of limitations. *Dorsey v. Bowers*, 709 So. 2d 51, 56 (Ala. Civ. App. 1998); Ala. Code § 6–2–38. Finally, to the extent Plaintiff may be attempting to assert a claim under the Stored Communications Act, the federal statute governing production electronically stored communications, those claims must also be commenced two years after the date upon which the claimant first discovered or had reasonable opportunity to discover the violation. *See* 18 U.S.C. 2707(f).

Here, Plaintiff asserts that he did not become aware of Defendant's alleged conduct until he received a copy and heard testimony of a suppression hearing in August 2017. However, a court "may take judicial notice of the contents of public records not for the

truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation omitted); s*ee also Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (holding that district court properly took judicial notice of documents in plaintiff's first case, which were public records "not subject to reasonable dispute" and "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned"); *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1278 (11th Cir. 1999) (recognizing district court may take judicial notice of certain facts without converting motion to dismiss into motion for summary judgment).  The documents filed in Grissom's underlying state court case, styled *State of Alabama v. Grissom,* Circuit Court of Russell County, Alabama, Case No. CC-2015-255, reflect that Grissom filed a motion to suppress evidence from the "warrantless seizure of the Defendant's private cellular telephone service records" on September 3, 2015, and that a hearing was held on January 7, 2016.  This lawsuit was filed three-and-a-half years after Plaintiff filed his motion to suppress the records.

Although federal courts apply the law of the forum state to determine the applicable statute of limitations, federal law determines the date on which a statute begins to run, and the Eleventh Circuit has held that it begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Howell v. Proctor*, 136 F. App'x 267, 269 (11th Cir. 2005) (citations omitted).  Accrual, for purposes of the statute of limitations, occurs "when the plaintiff has a complete and present cause of action," which happens when a plaintiff "can

8

file suit and obtain relief." *Hurt v. Shelby Cty. Bd. of Educ.*, 198 F. Supp. 3d 1293, 1314 (N.D. Ala. 2016).  A plaintiff must know or have reason to know that he was injured, and he must be aware or should be aware of who inflicted the injury. *Rozar v. Mullis*, 85 F.3d 556, 562 (citing *Mullinax v. McElhenney,* 817 F.2d 711, 716 (11th Cir. 1987)).

Grissom claims that it was not until August 2017 that he became aware "of Sheriff Taylor's information given to Verizon" and that documents were obtained "under the false premise of compliance" with § 2703(d). Doc. 17 at 1–2.  However, the motion to suppress filed in state court specifically alleges that his cell phone records were obtained without a warrant.  Furthermore, Grissom never claims that he was unaware that Verizon produced his cell phone records—only that he was unaware of the information given to Verizon by Sheriff Taylor to obtain the records.  At the point when Grissom learned that his cell phone records had been obtained in order to pinpoint his location as part of a murder investigation, facts that would support a cause of action were apparent to him, or at least they should have been apparent to a person with a reasonably prudent regard for his rights.  Because Grissom filed this lawsuit more than two years later, his claims are untimely.

## IV.   CONCLUSION

Based on the above, the undersigned finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted and, accordingly RECOMMENDS that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) prior to service of process and that all pending motions be DENIED as moot.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **December 2, 2019**.  A party must specifically identify the factual findings and legal

9

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 15th day of November, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE